606 A.2d 603

PHILADELPHIA LODGE NO. 5, FRATERNAL ORDER OF
POLICE and Local No. 22 International Association of Fire
Fighters and John J. Shaw and Les Yost, Appellants,

v.

PHILADELPHIA BOARD OF PENSIONS AND
RETIREMENT and Elizabeth C. Reveal,
David H. Pingree et al., Appellees.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1991.

Decided March 20, 1992.

504

John K. Weston, for appellants.

Susan Shirkman, for appellees.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Philadelphia Lodge Number 5, Fraternal Order of Police, and Local Number 22, International Association of Fire Fighters, John J. Shaw and Les Yost (Appellants) appeal an order of the Court of Common Pleas of Philadelphia County (trial court) that denied Appellants' request for preliminary injunctive relief.

The pertinent undisputed facts in this case are as follows. During the fall of 1990, the City of Philadelphia (City) was faced with a financial crisis.[1] On November 27, 1990, the mayor of the City signed into law Bill No. 1161, which amended section 113 of the City's Retirement System Ordinance (Ordinance) by authorizing the Philadelphia Board of Pensions and Retirement (Board) to purchase short term loan notes from the City "to the extent deemed appropriate by the Board." Subsection 113.1(b) of the Ordinance.[2] Subsection 113.1(b) further provides that in deciding whether to invest in such obligations, the Board may consider, among other factors, the extent to which such investments will maintain the ability of the City to make future contributions to the Municipal Retirement System and satisfy its future obligations to pay benefits to members of that system.

Subsequently, the City proposed, in a note purchase agreement, that the Board purchase $37.5 million dollars of short-term City-issued notes. After obtaining expert financial advice regarding the propriety of purchasing the notes, the Board voted 6–2 in favor of purchasing the notes, which were to mature on March 15, 1991.

Meanwhile, on January 3, 1991, Appellants filed a petition with the trial court seeking to preliminarily enjoin the Board's purchase of the notes. Appellants' petition alleged: (1) That the Board would violate the Ordinance as amended and the laws of the Commonwealth if it were to purchase the "speculative" City notes; (2) that the Board members

---

**1.** One of the affidavits of record in this case contains an attachment entitled "Credit Comment" issued by the Standard and Poor's Corporation. Dated September 24, 1990, the report succinctly states:

> Due to a severe cash crisis resulting from loss of investor confidence after chronic deficits and financial deterioration, the rating on Philadelphia's $1.3 billion of general obligation debt is lowered to 'CCC' from 'BBB–'.... The downgrade was precipitated by Philadelphia's inability to access the market to sell its temporary loan notes.

R. 37a.

**2.** The Board is empowered to administer the City of Philadelphia Municipal Pension System, 351 Pa.Code § 6.6–601, in which Appellants Shaw and Yost are vested members.

had a conflict of interest because they were members of the Municipal Pension System, and were City employees who had been called upon to decide whether to purchase the City's notes on behalf of the Municipal Pension System; and (3) that passage of Bill 1161 constituted a breach of the terms of the collective bargaining agreement entered into between the City and the union Appellants.

Following a hearing, the trial court denied Appellants' request for an injunction by order entered January 17, 1991. Appellants appeal from that order, raising issues substantially similar to those presented in their petition.

On appeal to this court,[3] we are met with the threshold question of whether this appeal has become moot. It is well established that an actual case or controversy must exist at all stages of appellate review, and that the courts of this Commonwealth will not decide moot questions. *In re Gross*, 476 Pa. 203, 382 A.2d 116 (1978); *Strax v. Department of Transportation, Bureau of Driver Licensing*, 138 Pa.Commonwealth Ct. 368, 588 A.2d 87 (1991).

Appellees argue that this case has become moot because, first, the short-term notes at issue have already been repaid and, second, the sunset provision of Bill 1161 states that Bill 1161 "shall expire and be of no force or effect" as of July 1, 1991. Section 2 of Bill 1161.

We agree that these two factors render the current appeal moot. Because Appellants sought an injunction to prevent the Board from purchasing the notes, and because, since the filing of this appeal, the Board purchased and the City repaid the notes, there is currently "nothing for the lower court to enjoin, nor can this Court now order the injunctive relief sought below." *Gross*, 476 Pa. at 211, 382 A.2d at 121. Moreover, though Appellants' petition below sought an injunction "declaring the aforesaid amend-

---

3. Our scope of review where a preliminary injunction was granted or denied is limited to whether there was a manifest error of law, clear abuse of discretion, or lack of reasonable grounds. *Board of Directors of School District of City of Scranton v. Roberts*, 13 Pa.Commonwealth Ct. 464, 320 A.2d 141 (1974), *aff'd*, 462 Pa. 464, 341 A.2d 475 (1975).

ments to the Retirement System Ordinance to be void and of no force or effect," any such relief provided by this court would be superfluous in light of the expiration of Bill 1161. *See Salisbury Township v. Sun Oil Co.*, 406 Pa. 604, 179 A.2d 195 (1962) (appeal moot where ordinance at issue has expired and is no longer in effect). Accordingly, we hold that the instant appeal has become moot.

Appellants argue that we should nevertheless decide the merits of this appeal on the basis of either of two exceptions to the mootness doctrine. Appellants assert that the issues presented on this appeal are questions of great public importance, and that they are issues capable of repetition yet evading review. *See Gross* (recognizing such issues as exceptions to the mootness doctrine).

■ As to the great public importance exception, Appellants assert that issues involving the pensions of all municipal workers in the Commonwealth's largest city are issues of great public importance.

However, our appellate courts have only infrequently invoked the great public importance exception. *Gross; Strax.* Moreover, *Gross* recites the rule that this exception is not to be invoked where "the legislature obviously recognize[s] the significance of the questions involv[ed]" and enacts a "new comprehensive statutory scheme" that "deals squarely with the issues appellant raises." *Id.*, 476 Pa. at 215, 382 A.2d at 123. Consequently, this court must attach some significance to the fact that following the City's financial crisis during which Bill 1161 was enacted, our state legislature enacted the Pennsylvania Intergovernmental Cooperation Authority Act for Cities of the First Class (Act), Act of June 5, 1991, P.L. 6, 53 P.S. §§ 12720.101–709. Section 201 of the Act, 53 P.S. § 12720.201, establishes the Pennsylvania Intergovernmental Cooperation Authority (Authority), an agency responsible for assisting cities of the first class [4] during time of fiscal emergency. *See generally* subsection 102(b)(3) of the Act, 53 P.S. § 12720.102(b)(3).

**4.** Philadelphia is a city of the first class.

The present appeal is thus similar to that in *Gross* in that our legislature has in this case enacted provisions to address the problem of financial crisis in a city of the first class. Therefore, because the legislature "recognized the significance of the questions involved," we hold that the great public importance exception does not apply to this case.

■ As to whether the issues presented on this appeal are capable of repetition yet evading review, we conclude that this exception does not apply under the facts before us.

Though Appellants have asserted that it is possible that the City will re-enact an ordinance identical or similar to Bill 1161, we view this prospect as substantially less likely given the passage of the Act. When, as here, subsequent legislation substantially reduces the likelihood that the events giving rise to an appeal will reoccur, the capable of repetition yet evading review exception will not be invoked. *Id.*, 476 Pa. at 216 n. 15, 382 A.2d at 123 n. 15.[5]

Having found the issues presented on appeal moot and no mootness exception applicable, we dismiss Appellants' appeal.

## ORDER

AND NOW, March 20, 1992, the appeal of Philadelphia Lodge Number 5, Fraternal Order of Police, Local Number 22, International Association of Fire Fighters, John J. Shaw and Les Yost in the above-captioned matter is dismissed as moot.

---

5. We also note that the Superior Court has held that a case is capable of repetition yet evading review only when there is a "*'reasonable expectation* that the same complaining party [will] be subjected to the same action again.'" *Commonwealth v. Buehl,* 316 Pa.Superior Ct. 215, 220, 462 A.2d 1316, 1319 (1983) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam)) (emphasis added) (brackets in original). We conclude here that there is not a reasonable expectation that the Appellants will again be subject to a provision substantially similar to Bill 1161.