625 A.2d 1337

**Harold X. SMITH, Petitioner,**

**v.**

**Joseph D. LEHMAN, Commissioner, Department of Corrections, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 26, 1993.

Decided May 27, 1993.

No appearance for petitioner.

David P. Farney, for respondent.

Before DOYLE and KELLEY, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

Before us in our original jurisdiction are preliminary objections filed by Joseph D. Lehman, Commissioner of the Department of Corrections (Respondent), filed in response to a

"Complaint in Mandamus" filed by Harold X. Smith. Smith alleges that on July 26, 1991, while incarcerated at the State Correctional Institution at Graterford he was assaulted by two corrections officers and that the Superintendent at Graterford and his staff sought to cover up the alleged assault. Smith also alleges that he has filed an inmate grievance on the matter and requested an investigation and further requested that the matter be referred to the state police or other proper authority for the filing of a criminal complaint. He further contends that his grievance was not addressed in a timely manner. He now seeks from this Court a writ of mandamus compelling Respondent to refer the alleged July 26th incident to the state police or proper authority and further requests an order requiring Respondent to respond to inmate grievances in a timely manner.

Respondent has filed two preliminary objections. In the first preliminary objection he maintains that Smith has failed to properly serve the Attorney General in compliance with Pa.R.A.P. 1514(c). His second preliminary objection is in the nature of a demurrer.

Considering the demurrer, we first note that to state a valid claim in mandamus Smith must show a clear legal right on his part, a correspondingly clear duty on the part of Respondent to provide relief and the want of any other adequate remedy. *Mueller v. Pennsylvania State Police Headquarters,* 110 Pa.Commonwealth Ct. 265, 532 A.2d 900 (1987). Further, when ruling on a demurrer, the pertinent inquiry is whether the petitioner has stated in his petition a cause of action that, if proved, would permit him to recover. *Id.* Smith alleges first that Respondent has a duty to inform local authorities of his desire to file a criminal complaint. He cites to no law which creates such a duty and none exists. Further, nothing prevents Smith from contacting law enforcement agents on his own, so that an adequate remedy exists without judicial interference. Additionally, Smith seeks an order compelling Respondent to respond in a timely manner to inmate grievances. He does acknowledge that the grievances were responded to, just not as promptly as he would have

liked. Since the timeliness of the response by Respondent involves discretion, not a mandatory duty, mandamus is an inappropriate remedy. Therefore, we must sustain the Commonwealth's demurrer.

█ Although we sustain the demurrer, we shall, for completeness, discuss the service issue as well. We note that Smith's proof of service attached to the petition for review indicates that Smith served the Attorney General by sending a copy of the petition to the Department of Corrections in Camp Hill. While Rule 1514(c) directs that in matters involving the Commonwealth the Attorney General be served in person or by certified mail, it does not specify *where* he is to be served. We believe, however, that service should be at the Attorney General's "place of business." *Cf.* Pa.R.C.P. No. 440 (permitting a plaintiff to serve a party, *inter alia,* at "his place of business." To permit service upon the Attorney General to be effective when that service is made anywhere in the Commonwealth to any state agency or department would be to place an impossible burden on the Attorney General to monitor effectively lawsuits against the Commonwealth. The burden, however, upon a petitioner seeking to sue the Commonwealth to serve the Attorney General at his place of business in Harrisburg is quite light. His current address is Strawberry Square, Harrisburg, Pennsylvania 17120.

This Court has held that the failure to effect service of process as required by Rule 1514(c) is an amendable defect. *Awkakewakeyes v. Department of Corrections,* 142 Pa.Commonwealth Ct. 232, 597 A.2d 210 (1991). Accordingly, had Smith's pleading survived the demurrer, the appropriate remedy would have been to grant him leave to serve the petition upon the Attorney General.

Based upon the foregoing discussion, Respondent's demurrer is sustained and the petition is dismissed with prejudice.

### ORDER

NOW, May 27, 1993, the preliminary objection filed by the Respondent concerning failure to state a cause of action is sustained.