639 A.2d 872

Johnnie SANDERS, Petitioner,

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1994.

Decided March 10, 1994.

Robert A. Greevy, Chief Counsel, for petitioner.

David Crowley, Chief Public Defender, for respondent.

Before CRAIG, President Judge, NEWMAN, J., and LORD, Senior Judge.

CRAIG, President Judge.

Before us in our original jurisdiction is a preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole to a petition for review in the nature of mandamus filed by Johnnie Sanders.

The pertinent allegations in the petition reveal that Sanders had been incarcerated for burglary and was serving a one-and-one-half to three-year sentence for that offense. On April 19, 1990, he was paroled from that sentence. Thereafter, in August 1991, he was arrested on new criminal charges, including robbery. He was not detained and was released on bail.

Sanders was again arrested on March 24, 1992, on burglary charges and on that same date the board issued its detainer. On July 7, 1992, Sanders pleaded guilty to the burglary charge, and he pleaded guilty to the robbery charge on September 24, 1992. He was sentenced to 20 to 40 months on

the robbery charge and 14 to 28 months on the burglary charge, the sentences to run concurrently.

On December 9, 1992, the board conducted a revocation hearing on the burglary charge at the State Correction Institute at Rockview, which resulted in Sanders being recommitted to serve 15 months backtime when available. On January 15, 1993, Sanders had a revocation hearing on the robbery charge, but he did not receive a board decision (known as a green sheet) disposing of that charge. Counsel for Sanders wrote unsuccessfully to the board requesting that it issue the green sheet with regard to the robbery charge.

Thereafter, counsel filed with this court the present petition for review seeking an order compelling the board to dismiss with prejudice the robbery charge because of its failure to issue any decision on the recommitment pertaining to that charge. Although counsel pleaded that this case is within this court's appellate jurisdiction pursuant to Section 763 of the Judicial Code, 42 Pa.C.S. § 763, on the theory that Sanders is appealing from the board's "deemed denial" of administrative relief, this court has consistently treated this case as one sounding in the nature of a petition in mandamus addressed to our original jurisdiction.

The board, in response to the petition, filed preliminary objections. Attached to the preliminary objections was a copy of the board's green sheet which it had issued on November 17, 1993, ten months after Sanders' revocation hearing. The board thus sought to have this case dismissed as moot. The board also raised a preliminary objection in the nature of a demurrer.

By order dated December 23, 1993, this court overruled the preliminary objection pertaining to mootness on the basis that while this case was technically moot, "the issue raised is one of public importance and concerns a matter which is capable of repetition yet evading review," (citing *Philadelphia Lodge No. 5 v. Philadelphia Board of Pensions and Retirement*, 146 Pa.Commonwealth Ct. 503, 606 A.2d 603, *petition for allowance of appeal denied*, 532 Pa. 659, 615 A.2d 1314 (1992).

That same order also scheduled oral argument before a panel of this court on the question of whether Sanders' petition states a cause of action, which is the present issue.

We begin with the recognition that both the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §§ 331.1–331.34 (commonly known as the Parole Act), and the board's regulations are silent on the question of when a board decision on a revocation of parole due to a new criminal conviction must be issued. Accordingly, we turn to caselaw to resolve the issue of whether mandamus will lie to compel the board to issue a decision.

 To state a valid cause of action in mandamus the party seeking relief must demonstrate a clear legal right on his part, a correspondingly clear duty on the part of the respondent, and a lack of any other adequate remedy. *Smith v. Lehman,* 156 Pa.Commonwealth Ct. 135, 625 A.2d 1337 (1993). When ruling on a demurrer, the court must consider whether the petitioner has stated in his petition a cause of action which, if proven, would permit him to recover. *Id.*

The board argues first that, under *Smith,* there is no mandatory duty for it to issue a timely decision, which would preclude a cause of action in mandamus. However, *Smith* concerned a situation where an inmate complained that his grievance request, although processed by the Commissioner of Corrections, was not processed as quickly as he would have liked. In the present case, Sanders' lawsuit, when filed, concerned not a late decision but the failure to issue any decision at all.

Moreover, the underlying rights in *Smith* concerned inmate grievance procedures, which matters are not subject to the rights afforded Sanders under the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704, as interpreted in *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981). Thus, the fact that the Department of Corrections had no obligation in *Smith* to

respond in a timely manner to the grievance does not mean that the board has no obligation in this case.

Because a duty on the part of the board exists, there remains the question of whether Sanders has a legal right. Review of the caselaw demonstrates that, generally, even where there exists a statute or regulation directing the issuance of an adjudication by a time certain, those provisions have been construed as directory rather than mandatory, the basis for the rationale being that the legislature may not "fix a time in which the exercise of a purely judicial function must occur...." *West Penn Power Co. v. Pennsylvania Public Utility Commission*, 104 Pa.Commonwealth Ct. 21, 28, 521 A.2d 75, 78 (1987).

There exists an exception, however, where the individual seeking redress from an agency's failure to issue a decision can demonstrate prejudice. *Luzzi v. State Horse Racing Commission*, 120 Pa.Commonwealth Ct. 215, 548 A.2d 659 (1988). Sanders does allege prejudice; he asserts that the failure to issue a prompt decision has precluded him from participation in an early review program through which approved parole violators are deemed eligible for release on reparole after serving one-half of the time for which they have been recommitted.

The board counters that Sanders has not, in fact, demonstrated prejudice because the green sheet decision, which it ultimately issued on November 17, 1993, recommitted him to serve 24 months on his original sentence beginning on December 7, 1992, and accordingly, he would not have been available for early parole until December 7, 1993, three weeks *after* the board ultimately issued the green sheet.

The board is correct that Sanders has not in fact been harmed by the delay if one considers only the dates at issue here. However, the board fails to acknowledge that it has ultimate control of the period of recommitment and could, if it was backlogged in its decisions, issue a longer recommitment time in order to avoid the problem of prejudice. Such a rationale for deciding recommitment time is, of course, imper-

missible, but there is no way that the court or the prisoner would know for certain that an impermissible factor played a part in determining the period of recommitment.

■ Consequently, because of this unique situation and because there is a potential liberty interest at stake here, we believe that this situation falls within the exception recognized in *Luzzi*. Therefore, the board can be compelled to issue a green sheet. Because neither the Parole Act nor the board's regulations indicate when the issuance must occur, we hold that it must be within a reasonable period of time.

■ Furthermore, the ten-month delay here was unreasonable. We do not decide what amount of time would be reasonable, but merely note that where the date of the issuance of the green sheet and the date of the expiration of the minimum recommitment time are close, the circumstances are suspicious.

Because Sanders has stated a cause of action, which requires that we overrule the board's preliminary objection, there remains the question of what is the appropriate remedy in this case. Sanders argues that any backtime imposed by the November 17 green sheet should be "dismissed" and that he should be turned over to serve his other sentences.

The issue of remedy is, however, not appropriately decided at this juncture of the proceedings. Without any outstanding motion, such as a motion for summary relief, *see* Pa.R.A.P. 1532(b), we decline to decide the remedy which is, in effect, the merits of this case. However, although this case is moot insofar as the board issued a green sheet decision, it is not moot with regard to the issue of whether the recommitment time ordered in the November 17, 1993 green sheet decision should be dismissed or set aside because of the delay in the issuance of the decision.

Accordingly, we overrule the board's preliminary objections in the nature of a demurrer, and we direct the board to file an answer within thirty days of entry of this order with regard to the recommitment time ordered on November 17, 1993.

## ORDER

NOW, March 10, 1994, respondent's preliminary objection in the nature of a demurrer is overruled, and the respondent is directed to file an answer within thirty days of entry of this order with regard to the recommitment time ordered on November 17, 1993.