**Wallace BOSTIC, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 28, 1996.
Decided Aug. 16, 1996.

Wallace Bostic, Pro Se, Petitioner.

Arthur R. Thomas, for Respondent.

Before COLINS, President Judge, FLAHERTY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Before this Court in its original jurisdiction are the preliminary objections of the Pennsylvania Board of Probation and Parole (Board) to the petition of Wallace Bostic (Bostic) for writ of mandamus.

Bostic is currently incarcerated at the State Correctional Institution at Camp Hill, having been recommitted as a technical pa-

role violator since his violation hearing of April 25, 1995.[1] On November 30, 1995, Bostic filed a petition for review with this Court in which he averred that the Board had breached a duty to issue a revocation decision which stated the ending date of his recommitment.

On December 4, 1995, this Court issued an order recognizing the above captioned matter to be in its original jurisdiction, pursuant to Section 761(c) of the Judicial Code, 42 Pa. C.S. § 761(c). The order also directed the Board to file an answer or to otherwise plead within thirty days.

On January 3, 1996, the Board filed a preliminary objection in the nature of a demurrer, averring that it had no duty to issue a revocation decision that stated the ending date of the recommitment term. Nevertheless, on January 4, 1996, the Board issued a revocation decision which stated that Bostic's reparole review would be in October of 1996.

On February 5, 1996, the Board filed a motion for stay of briefing schedule/suggestion of mootness. The Board suggested that because they had now named a date certain for Bostic's reparole review, the matter was moot. By order of February 27, 1996, this Court declined to hold the matter to be moot as the revocation decision did not give a date certain for a reparole hearing.

On March 22, 1996, the Board filed an application to this Court to dismiss for lack of original jurisdiction. By order of April 8, 1996, this Court denied the Board's application, but gave leave for the Board to argue in its brief that this Court lacked original jurisdiction.

Section 761 of the Judicial Code grants Commonwealth Court "original jurisdiction in cases of mandamus ... to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its jurisdiction." Therefore, to determine whether this Court has original jurisdiction over this case, it is necessary to determine whether Bostic has properly requested a writ of mandamus as a form of relief.

---

1. Bostic was recommitted for not having complied with Condition 3-B of his parole, failure to report an arrest.

Mandamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy. *Pugh v. Pennsylvania Board of Probation and Parole*, 100 Pa. Cmwlth. 130, 514 A.2d 284 (1986). Mandamus is not meant to create legal rights, but to enforce those legal rights already in existence. *Jamieson v. Pennsylvania Board of Probation and Parole*, 90 Pa.Cmwlth. 318, 495 A.2d 623 (1985). Mandamus may properly lie to compel the Board to conduct a hearing or correct a mistake in applying the law. *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981).

Bostic avers that he has a right to a date certain for his reparole hearing.[2] The Board has not provided a date certain to Bostic. Therefore, if such a right exists, the proper remedy to enforce it would be the issuance of a writ of mandamus by this Court to the Board. Thus, this Court properly has original jurisdiction over this case.

The Board has correctly cited *Bronson* to hold that objections to a revocation decision are to be reviewed within this Court's appellate jurisdiction. However, Bostic is not objecting to the Board's revocation decision, but the Board's failure to satisfy his alleged right. The holding in *Bronson* pertained to the improper use of mandamus. Here Bostic has properly requested mandamus, as the right he alleges would not be within the discretionary powers of the Board.

The Board also has cited *McMahon v. Pennsylvania Board of Probation and Parole*, 504 Pa. 240, 470 A.2d 1337 (1983), for the proposition that this Court does not have original jurisdiction when there is available a direct appeal of a Board's revocation decision to this Court. However, the only remedy available to Bostic is mandamus, as he is not contesting the merits or result of the Board's revocation decision. As such, this Court has no appellate jurisdiction over the matter.

A prisoner in Pennsylvania does not have an automatic right to parole upon the expiration of his minimum term, rather the granting of parole is a matter of grace and administrative discretion. *Jamieson.* A prisoner does have a right to apply for parole upon the expiration of his minimum term and have that application be fairly considered by the Board. *Id. See also Krantz v. Pennsylvania Board of Probation and Parole*, 86 Pa.Cmwlth. 38, 483 A.2d 1044 (1984). Bostic has been granted his right to a reparole hearing. While it is true that the hearing is not on a date certain, it will be held within a reasonably narrow and specific time frame. It is important to note that what Bostic will be granted in October of 1996 is not his freedom, but a hearing to determine whether he is deserving of that freedom.

This Court has found no statute or case law that enumerates a right to a date certain for a prisoner's reparole hearing. Bostic has cited *Gant v. Pennsylvania Board of Probation and Parole*, 32 Pa.Cmwlth. 627, 380 A.2d 510 (1977), for the proposition that the Board has a duty to issue an ending date for a recommitment term. However, the holding in *Gant* was limited to the lack of jurisdiction that the Board has over a prisoner who is serving a sentence on a subsequent offense. The court in *Gant* made no disposition on the question of whether the Board was obligated to provide a date certain for the end of a recommitment term or for a reparole hearing when the Board does not have jurisdiction over a prisoner. Finally, the statute[3] cited by Bostic makes no mention that the Board is required to set forth a date certain for a reparole hearing. A regu-

---

2. Bostic has phrased his request in terms of an ending date of his recommitment term. However, this Court recognizes that such an ending date is uncertain and what Bostic had actually requested in his pro se petition was a date certain for his reparole hearing, which would be the earliest his recommitment term could possibly end.

3. Section 5 of the Act popularly called the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.21a(b).

lation[4] which imposed such a duty on the board was rescinded on January 16, 1988.

This Court declines to create a right to a date certain for a reparole hearing in a proceeding for a writ of mandamus. Therefore, because Bostic has failed to prove that he has a clear right to have a date certain provided by the Board, his petition for a writ of mandamus must be denied.

### ORDER

NOW, August 16, 1996, the petition of Wallace Bostic for a writ of mandamus is denied.

---

**4.** The former 37 Pa.Code § 71.2(10).