**Richard WHITE, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 29, 2003.

Decided Oct. 10, 2003.

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Chad L. Allensworth, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, COHN, Judge and McCLOSKEY, Senior Judge.

COHN, Judge.

Richard White (Petitioner) appeals an order of the Pennsylvania Board of Probation and Parole (Board) that recommitted him to serve six months as a convicted parole violator for driving under the influence (DUI) and, concurrently, to serve five months as a technical parole violator for use of drugs and failure to successfully

complete his community corrections program. He asserts, on appeal, that he was not afforded recommitment credit toward his original sentence and that the Board erred in failing to (1) immediately review his re-parole eligibility or (2) immediately re-parole him. In addition to refuting these arguments on the merits, the Board asserts that the credit issue was not raised below and that this case is now moot because it has entered an order re-paroling Petitioner.

The following facts are pertinent. Petitioner was originally sentenced in 1986 to 5–10 years for robbery and conspiracy. He was paroled in April 2000 and, on November 3, 2001, was involved in a vehicle accident. He was then issued a summons for DUI. At a parole conference on February 4, 2002, Petitioner admitted to drinking beer prior to the accident. Four days later, he was released from the county jail and sent to the corrections center. He absconded that same day, but turned himself in a few days later. The Board then, on February 11, 2002, issued a warrant to commit and detain. Petitioner was recommitted as a technical parole violator on April 4, 2002, to serve five months backtime when available. He was arrested for the DUI violation on March 19, 2002, convicted on October 8, 2002, and sentenced to 48 hours to 12 months. Petitioner was paroled from that sentence on October 8th. The Board held a parole revocation hearing in December 2002 and, on February 11, 2003, recommitted him as a convicted parole violator to serve six months backtime. That backtime was within the Board's 3–6 month presumptive range for the offense of DUI. The order also directed that Petitioner be listed for

re-parole review on the next available docket. His parole violation maximum date was calculated as November 13, 2006. Petitioner filed a petition for administrative relief with the Board, asserting that he should have been listed for re-parole consideration immediately and that such failure resulted in his *de facto* serving more than the presumptive range for the backtime imposed. His request for administrative relief was denied. This appeal followed.

■■■ On appeal,[1] Petitioner first asserts that because he was issued a *summons* after the DUI, and not an arrest warrant, he was not being held on the new sentence, but only by the Board's warrant and, thus, his backtime should be credited to his original sentence. *See Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980). The Board argues that this issue was not raised below. In response, the Public Defender directs the Court to the following statement in Paragraph 8 of the Petition for Administrative Relief filed with the Board. "Petitioner has served Twelve (12) Months and Fourteen (14) Days of Recommitment Backtime." We agree with the Board that this sentence does not raise any credit issue for review. Moreover, what follows thereafter in the petition never references this time period or a time credit issue in any way. Thus, the credit question has not been preserved and we regard it as waived in accordance with *McCaskill v. Pennsylvania Board of Probation and Parole*, 158 Pa.Cmwlth. 450, 631 A.2d 1092 (1993), *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 739 (1994).

1. On appeal, our scope of review is limited to determining whether the Board committed a constitutional violation or an error of law, and whether the findings of fact are supported by substantial evidence. *Slaymaker v. Pennsylvania Board of Probation and Parole*, 768 A.2d 417, 418 n. 1 (Pa.Cmwlth.2001).

■ Petitioner's second argument is that, because his ultimate recommitment time was fairly short (six months on the overlapping convicted parole violator backtime order), he had already served the six months when the February 2003 recalculation order was issued and, therefore, any failure to consider him immediately for re-parole, or alternatively, any failure to re-parole him immediately, was a denial of due process.[2] As he explains it, "A parolee who has already served twice the six month sentence imposed within the presumptive range by the time he receives a revocation decision, and will have served thrice the maximum of the presumptive range by the time this appeal is decided, should be afforded some relief by the court." (Petitioner's Brief at 17.) Petitioner notes that the presumptive ranges appearing in Board Regulation 75.2, 37 Pa.Code § 75.2, are intended "to structure the discretion of the Board"[3] by establishing a backtime range for convicted parole violators. He argues that, where the maximum within that presumptive range lapses before the matter is adjudicated, the sanction imposed, *de facto*, exceeds the presumptive guidelines, denying the parolee due process.

This argument is not without a certain emotional appeal. However, it has no foundation in law to support it. Many of the presumptive ranges are very short, some only 1 to 3 months and, as a practical matter, a hearing on the underlying recalculation order and the subsequent re-parole decision cannot always be adjudicated in such a brief time. Nonetheless, we are unwilling to hold, as Petitioner suggests, that he should be automatically re-paroled or immediately reviewed for re-parole. The concept of "deemed re-parole" would not only undercut the Board's discretion to decide each parole application on its merits, but also would run afoul of the 1996 amendment to Section 1 of what is commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.1, which indicates that the primary concern in paroling decisions must be the "safety of the public." *See Stewart v. Pennsylvania Board of Probation and Parole*, 714 A.2d 502 (Pa.Cmwlth.1998). Further, while Petitioner may believe that he is entitled to be reviewed for re-parole immediately, rather than receive review on the "next available docket," he is actually entitled only to re-parole review within a reasonable time. *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 556 Pa. 696, 727 A.2d 1123 (1998). In the case *sub judice*, the recommitment order was issued in February 2003, and the re-parole decision was entered at the end of July 2003. We hold that this period of less than six months satisfies the reasonableness standard. We also note that, in this case, we find nothing in the record that would indicate any undue delay on the part of the Board.

■ In summary, it is axiomatic that, in Pennsylvania, the decision to parole, or in this case re-parole, is discretionary with the Board, *Reider v. Pennsylvania Board of Probation and Parole*, 100 Pa.Cmwlth.

---

**2.** The Board has asserted in its brief that it has now issued a re-paroling order and, therefore, this issue is moot. It does not, however, aver that Petitioner's re-parole has actually been executed. That being the case, the Board could change its decision without providing Petitioner any further due process. *Lord v. Pennsylvania Board of Probation and*

Parole, 135 Pa.Cmwlth. 225, 580 A.2d 463 (1990), *petition for allowance of appeal denied*, 528 Pa. 619, 596 A.2d 801 (1991). Therefore, we decline to dismiss this issue on the basis of mootness.

**3.** 37 Pa.Code § 75.1(b).

333, 514 A.2d 967 (1986), and that there is no right to be paroled or re-paroled. *Id.* Thus, what Petitioner has lost is not the right to be re-paroled (because there is not one) or the right to be considered for re-parole (because he was), but only his desire to be considered for re-parole more expeditiously. This is only an aspiration for which the law provides no remedy provided that, as here, the decision was issued within a reasonable time. *Compare Sanders v. Pennsylvania Board of Probation and Parole*, 162 Pa.Cmwlth. 424, 639 A.2d 872 (1994) (where Board's delay in issuing a decision is unreasonable, mandamus will lie to compel entry of a decision).[4]

The order of the Board, denying administrative relief, is affirmed.

### ORDER

NOW, October 10, 2003, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

### DISSENTING OPINION

FRIEDMAN, Judge.

I respectfully dissent. I disagree with the majority that Richard White (White) waived the credit issue in this case. In fact, it is impossible to decide the second issue, regarding excessive backtime, without determining first whether White's time in custody from March 19, 2002, to October 8, 2002, was a result of the Pennsylvania Board of Probation and Parole's (Board) detainer warrant or the new criminal charges.

On November 3, 2001, while on parole, White was involved in an automobile acci-

dent. In connection with the accident, White was issued a summons to appear in court on March 19, 2002, for a preliminary hearing on the charge of driving under the influence of alcohol (DUI). On February 11, 2002, the Board issued a detainer warrant, relating to another matter, and took White into custody.

On March 19, 2002, White appeared in court for a preliminary hearing on the DUI charge, but White waived the preliminary hearing. At this point, White's version of the facts differs from that of the Board. The Board's records show that White was arrested for DUI by the Pennsylvania State Police on March 19, 2002, and that White did not post bail. (C.R. at 20.) Thus, the Board believes that, as of March 19, 2002, White was being held on the new criminal charges. White denies that he was arrested for DUI on March 19, 2002. Thus, White believes that, after March 19, 2002, he still was being held under the Board's detainer warrant.

On October 8, 2002, White was convicted and sentenced for DUI and was immediately paroled to his original sentence. On February 11, 2003, the Board recommitted White as a convicted parole violator (CPV) to serve six months backtime. If the Board is correct that White was arrested and failed to post bail on March 19, 2002, then, as of February 11, 2003, White already had served five months backtime. That is why the Board scheduled White for a parole review at the next available docket. However, if White is correct about the events of March 19, 2002, then, as of February 11, 2003, White already had served more than twelve months backtime. If White already had served twelve months

**4.** Our decision today is also in accord with *Bostic v. Pennsylvania Board of Probation and Parole*, 682 A.2d 401 (Pa.Cmwlth.1996), where we held that a recommitted parole violator has no right to a date certain for a re-

parole hearing, and noted that a prior Board regulation that had created such a right had been rescinded in 1988. Hence, any suggestion on Petitioner's part that he is entitled to such a date cannot prevail.

backtime, then it would have been an abuse of discretion for the Board to recommit White to serve six months backtime.

When White saw that the Board failed to credit his original sentence for the twelve months he served from February 11, 2002, until February 11, 2003, White filed a petition for administrative review. White alleges in that petition that he already had served more than twelve months backtime when he received six months backtime. (C.R. at 58.) The majority states that this does not preserve the credit issue. (Majority op. at 3.) However, I believe that an allegation asserting an amount of backtime that is contrary to the Board's determination of the amount of backtime precisely states the issue. Certainly, when the Board receives a petition for administrative review alleging a fact that is contrary to the facts set forth in its own records, the Board will want to review its records to ensure that they are correct. That is the purpose of a petition for administrative review. In his petition, White points out possible errors made by the Board, and he asks the Board to conduct a review. Because the Board did *not* conduct a review of this issue, I would remand this case to the Board for a hearing to ascertain what actually happened on March 19, 2002.

Such a result is consistent with this court's holding in *Pierce v. Pennsylvania Board of Probation and Parole,* 92 Pa. Cmwlth. 457, 500 A.2d 181 (1985). In *Pierce,* this court held that, when a parolee claims that he was detained solely on a Board warrant rather than on new criminal charges, "the Board must bear the burden of justifying its computation of recommitment time by presenting substantial evidence that bail was not posted." *Id.* at 183. "A Petitioner can then rebut this evidence by demonstrating that the Board's evidence inaccurately reflects that he did not post bail." *Id.* This court decided that the Board should hold a hearing to determine whether the parolee posted bail, and this court remanded the case for that purpose. *Id.*

Here, the Board's records show that White was arrested on March 19, 2002, and did not post bail, and White claims that the records are not accurate. Pursuant to *Pierce,* White is entitled to an opportunity to be heard on this matter.