**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Eric J. House,                             :
              Petitioner    :
                                :
              v.                 :   No. 548 C.D. 2015
                                :   Submitted: October 16, 2015
Pennsylvania Board of Probation    :
and Parole,                            :
              Respondent    :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: December 15, 2015**

Eric J. House (House) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that ordered him to serve 12 months backtime and recalculated his maximum sentence date. House contends the Board erred in calculating the backtime owed and in extending his sentence date beyond the court-ordered maximum. He also argues the Board should have provided him with an evidentiary hearing as to whether the time he spent in a community correction center (CCC) was the equivalent of incarceration. Upon review, we affirm the Board.

**I. Background**

The Board paroled and recommitted House multiple times as both a technical parole violator (TPV) and as a convicted parole violator (CPV). Relevant here, after the Board paroled House for the fourth time, on September

13, 2007,[1] House pled guilty to drug manufacturing, sale, delivery or possession with intent to distribute (Drug Charges). The Court of Common Pleas of Dauphin County (trial court) sentenced him to a minimum of five years and a maximum of 10 years (State Sentence). House began serving his State Sentence on September 13, 2007. His minimum sentence date was July 31, 2012, and the maximum sentence date was July 31, 2017.

The Board granted House conditional parole on the State Sentence in November 2012. House remained in a CCC from November 26, 2012 until January 2, 2013, when the Board released him on parole to his father's residence. House forfeited his credit through the parole process.

While on parole from the State Sentence, on March 1, 2013, police arrested House on multiple charges. The Board lodged a warrant to detain House on March 1, 2013. Certified Record (C.R.) at 44. He was housed in Dauphin County prison from March 1, 2013 through August 28, 2014. Bail was set at $525,000, and then reduced to $100,000 on March 25, 2013. Id. at 79. However, he was not released on bail, nor did he post bail. On June 6, 2014, a jury found House guilty on four charges: (1) flight to avoid apprehension; (2) resisting arrest; (3) disorderly conduct; and, (4) false identification to law enforcement officer (collectively, Misdemeanors).

---

[1] House was serving time on an earlier sentence (DOC No. ED-5406), which had a maximum sentence date of March 3, 2011. He was constructively paroled from that sentence to his State Sentence on September 13, 2007. Certified Record at 35-36; see Calloway v. Pa. Bd. of Prob. & Parole, 857 A.2d 218 (Pa. Cmwlth. 2004) (when an inmate is administratively paroled from one sentence to another sentence rather than released, he has been constructively paroled).

The Board provided House with a notice of charges related to parole revocation. House waived his right to a parole revocation hearing, and to counsel; he also admitted his convictions. C.R. at 67.

The Board recommitted House as a CPV with no credit for time spent while at liberty on parole. The Board decision of August 28, 2014, recommitted House "when available," to serve 12 months backtime pending his sentencing in the trial court. Id. at 103.

Also on August 28, 2014, the trial court sentenced House on his Misdemeanors to an aggregated term of 16-32 months. The trial court credited House for the 19 months of time served from March 1, 2013 to August 28, 2014.

Through counsel, House filed an administrative appeal of the Board's decision, challenging only the presumptive ranges for parole recommitment. C.R. at 115-17, 119-27. The Board affirmed its decision.

Based on House's sentencing on the Misdemeanors on August 28, 2014, returning him to a state correctional institution, the Board issued another recommitment order on January 6, 2015. That order set forth the dates for his confinement, his original maximum sentence date, and a recalculated maximum date based on the backtime owed. Id. at 107. The recommitment order recalculated House's maximum sentence date on the State Sentence from July 31, 2017 to March 26, 2019. Id.; see also id. at 111.

House, representing himself, filed a timely petition for administrative relief. In relevant part, he challenged two calculations: (1) the new maximum sentence date for his State Sentence; and, (2) the "fail[ure] to credit [one] month and 28 days towards [his] 12-month backtime that he [was] serving." C.R. at 119. Significantly, House did not explain the source of the amount of alleged credit due, or provide dates of confinement to which the one month and 28 day period corresponded.

The Board denied House's petition for administrative relief. The Board explained it derived the new maximum sentence date as follows. As of January 2, 2013, (the date House was paroled), House owed 1,671 days of backtime towards his State Sentence. The Board did not award House pre-sentence credit because he was never incarcerated solely on the Board's detainer. House became available to serve backtime on August 28, 2014, because that was the date when the trial court issued its sentence and credited House for approximately 19 months of time served in Dauphin County prison on the Misdemeanors. Adding 1,671 days (4 years, 6 months, 29 days) to August 28, 2014, resulted in a new parole violation maximum sentence date of March 26, 2019.

House filed an uncounseled petition for review of the Board's decision to this Court. We then appointed a public defender as counsel, who filed a brief on House's behalf.

4

## II. Discussion

On appeal,[2] House raises two issues. First, he argues the Board erred in not holding a hearing as to the conditions of confinement in the CCC. Regardless of the lack of evidence on the issue, House claims he should receive credit for time served in the CCC. House also contends the Board erred in recalculating his maximum sentence date. Specifically, House asserts he was not in the Board's control from January 2, 2013 (when he was paroled to his father's residence) to September 23, 2014 (when he returned to a state correctional institution after sentencing on the Misdemeanors). Thus, his maximum sentence date should have been adjusted to reflect 629 days of backtime owed instead of 1,671 days. He also challenges the Board's custody for return date of August 28, 2014, as the relevant start date to which backtime is added.

The Board counters that House waived the issue of whether he was entitled to credit for time spent in a CCC as he did not assert similar conditions of confinement. It notes House did not request an evidentiary hearing regarding the conditions of confinement. Additionally, the Board argues it properly recalculated House's maximum sentence date.

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013), appeal denied, 87 A.3d 322 (Pa. 2014).

## A. Waiver

House contends for the first time on appeal that he is entitled to credit for the time he was confined in a CCC. From our review of his petition for administrative relief, C.R. at 119-26, House did not raise this issue before the Board.

In Cox v. Pennsylvania Board of Probation and Parole, 824 A.2d 350 (Pa. 1985), our Supreme Court held a parolee bears the burden of proving restrictions on liberty were the equivalent of incarceration. While time spent in a CCC may constitute restrictions on liberty sufficient to warrant credit, a parolee must raise the issue in his administrative appeal to the Board. Reavis v. Pa. Bd. of Prob. & Parole, 909 A.2d 28 (Pa. Cmwlth. 2006). Once the issue is adequately raised, the Board is required to develop a record and make a factual determination as to the restrictive nature of the program. Cox.

Here, House did not adequately raise the issue to trigger a Cox hearing where he could present evidence regarding the restrictions on his liberty at the CCC. Consequently, the record is silent as to whether House was restrained in a manner that would constitute incarceration. Because House did not raise the restrictive nature of the CCC in his request for administrative relief, the issue is waived. Reavis; Beasley v. Pa. Bd. of Prob. & Parole, 519 A.2d 1069 (Pa. Cmwlth. 1987); see generally Chesson v. Pa. Bd. of Prob. & Parole, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) ("The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal.").

To the extent House contends he preserved this issue by claiming credit of one month and 28 days in his petition for administrative relief, we are unpersuaded.

This Court previously rejected a similar claim in <u>White v. Pennsylvania Board of Probation & Parole</u>, 833 A.2d 819 (Pa. Cmwlth. 2003). There, the petitioner stated the following in his petition for administrative relief with the Board: "Petitioner has served Twelve (12) Months and Fourteen (14) Days of Recommitment Backtime." <u>Id.</u> at 821. On that basis, he requested a credit of his backtime against his original sentence. We agreed with the Board that the statement of a period of time alone "[did] not raise any credit issue for review." <u>Id.</u> We noted the remainder of the petition did not reference the timeframe to provide any context for the claim to put the Board on notice.

Similarly, here, House did no more than state a timeframe without context. As in <u>White</u>, House did not explain how the timeframe corresponded to any basis for credit. Indeed, he referred to the timeframe once in his eight-page petition for relief. Thus, he did not preserve the credit issue. <u>Id.</u>

Nevertheless, House asserts he should be afforded an evidentiary hearing regarding the conditions of confinement at the CCC. We disagree. Notably, House draws this Court's attention to no authority that requires the Board

7

to hold such an evidentiary hearing when a parolee did not raise the conditions of confinement issue.[3]

Because House did not raise the conditions of confinement issue below, he is precluded from doing so now. Reavis; White. Regardless, without a hearing establishing the conditions of his confinement in a CCC were equivalent to incarceration, House is not entitled to credit.[4] Cox.

## B. Maximum Sentence Date

Next, we address the Board's recalculation of House's maximum sentence date. House contends the Board improperly extended his sentence beyond the original maximum date. Specifically, he asserts his backtime should reflect a total of 629 days corresponding to the period between his date of parole, January 1, 2013, and his return to a state correctional institution, September 23, 2014.

The Prisons and Parole Code (Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). If the parolee is recommitted, he must serve the

---

[3] House cites one case, McMillian v. Pennsylvania Board of Probation & Parole, 824 A.2d 350 (Pa. Cmwlth. 2003), to support this argument. However, McMillian does not stand for the proposition that an inmate is entitled to a hearing on the conditions of confinement when he did not challenge the lack of credit for time spent in a CCC during the administrative process. There, the Board held a Cox hearing because the inmate asserted the restrictions in the CCC were tantamount to incarceration.

[4] We note the one-month and 28-day timeframe does not correspond to the timeframe House served in the CCC, between November 28, 2012, and January 2, 2013.

8

remainder of the term, which he would have been compelled to serve had parole not been granted, with no credit for the time spent at liberty on parole, unless the Board chooses to award credit. 61 Pa. C.S. §6138(a)(2), (2.1). The Board may not extend a parolee's backtime beyond a court-imposed sentence. Savage v. Pa. Bd. of Prob. & Parole, 761 A.2d 643 (Pa. Cmwlth. 2000).

"[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." Martin v. Pa. Bd. of Prob. & Parole, 840 A.2d 299, 309 (Pa. 2003). However, the sentence to which the time is credited depends on the source of the authority for which the defendant is held in custody. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980). For the period of time a defendant is held solely on a Board detainer and meets the requirements for bail on the new criminal charges, a defendant's time in custody shall be credited toward his original sentence. Id. However, if the defendant remains incarcerated prior to trial because he failed to satisfy bail requirements on the new criminal charges, then time spent in custody shall be credited to his new sentence. Id.

In this case, House remained incarcerated as of his date of arrest on the Misdemeanors through the date of sentencing. He also failed to satisfy bail requirements. Therefore, the time House spent in custody from March 1, 2013, through August 28, 2014, was properly credited toward his new sentence, not his original State Sentence. See C.R. at 113-14 (Sentencing Order). As a consequence, the Board did not credit this time against his State Sentence. Gaito; see, e.g., Koehler v. Pa. Bd. of Prob. & Parole, 935 A.2d 44 (Pa. Cmwlth. 2007)

9

(affirming Board recalculation of maximum sentence date added to date when inmate was sentenced on the new convictions).

House is also not entitled to credit for the time he spent at liberty from the date of his parole, January 2, 2013, to his arrest on March 1, 2013. Pursuant to Section 6138(a) of the Code, a parolee shall be given "no credit for the time at liberty on [p]arole" unless the Board decides to award credit within its discretion. 61 Pa. C.S. §6138(a). There is no allegation the Board abused its discretion in not awarding credit here.

As a result, House owed 1,671 days of backtime on his State Sentence. The Board derived this number from the time remaining on his State Sentence, which had an original maximum sentence date of July 31, 2017, as of the date of his parole on January 2, 2013. 61 Pa. C.S. §6138(a)(2).

House argues the Board erred in calculating 1,671 days of backtime. He asserts the correct number is 629 days because "[House] was not in the control of the [Board] from January 2, 2013 to September 23, 2014." Pet'r's Br. at 11. This argument is based on House's misapprehension of the derivation of backtime, and the date to which backtime is added, House's custody for return date.

When paroled on January 2, 2013, House remained within the Board's control as a parolee, released subject to meeting certain conditions of parole. He was not entitled to credit for the time he was at liberty between January 2, 2013, and March 1, 2013 under 61 Pa. C.S. §6138(a). Upon his arrest on March 1, 2013,

10

House was also in the Board's control on the Board's detainer. C.R. at 44. As he was on the Board detainer, he was not outside the Board's control while serving time in Dauphin County prison. Therefore, the custody for return date, which is the date from which the 1,671 days of backtime owed is calculated, is crucial to recalculation of the maximum sentence date.

Here, House was not available to serve his State Sentence until he served his new sentence for the Misdemeanors. Gaito; Koehler; see also Serrano v. Pa. Bd. of Prob. & Parole, 672 A.2d 425 (Pa. Cmwlth. 1996) (explaining inmate became available to serve backtime after serving new sentence). The record is clear that House became available when resentenced for his new convictions on August 28, 2014. Accordingly, the Board noted his custody for return date as August 28, 2014.

In sum, the Board properly refused to apply House's presentence confinement time toward his State Sentence. Koehler. The Board properly exercised its discretion to deny credit to House for the time he spent at liberty. Adding the time remaining on House's State Sentence (1,671 days) to August 28, 2014, yields a new maximum sentence date of March 26, 2019. As such, the recalculated maximum sentence date is correct, and it does not extend the judicially-imposed sentence term.

## III. Conclusion

For the foregoing reasons, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric J. House,                :
            Petitioner     :
                           :
       v.                :    No. 548 C.D. 2015
                           :
Pennsylvania Board of Probation    :
and Parole,                   :
           Respondent    :

## **O R D E R**

**AND NOW**, this 15th day of December, 2015, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge