Millard Mitzel, III,                      :
                                          :
              Petitioner                  :
                                          :
      v.                                  : No. 101 C.D. 2018
                                          : Submitted: August 10, 2018
Pennsylvania Board of                     :
Probation and Parole,                     :
                                          :
              Respondent                  :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  October 2, 2018**


Before this Court is the petition of Millard Mitzel, III (Mitzel) for review of the December 29, 2017 determination of the Pennsylvania Board of Probation and Parole (Board) affirming its decision mailed February 7, 2017 that recalculated Mitzel's maximum sentence date to September 29, 2032.  For the following reasons, we affirm.

On November 21, 2013, Mitzel was released on parole from sentences totaling 11 years, 3 months to 28 years' imprisonment for multiple counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance and for illegal possession of a firearm.  (Certified Record (C.R.) at 10-11.)    At that time, his maximum sentence date on these convictions was

October 24, 2029.  (C.R. at 10; C.R. at 74)  Between November 21, 2013 and May 2, 2014, Mitzel was in a halfway house, Harrisburg Community Corrections Center.  (C.R. at 12; C.R. at 60.)  On April 1, 2016, a criminal complaint was filed in York County charging Mitzel with two counts of possession with intent to deliver controlled substances, heroin and cocaine, possession of drug paraphernalia, and illegal possession of a firearm.  (C.R. at 15-17.)  Between April 5, 2016 and June 23, 2016, Mitzel's whereabouts were unknown and the Board declared Mitzel delinquent effective April 5, 2016.  (C.R. at 19; C.R. at 60.)

On June 23, 2016, Mitzel was arrested on the possession with intent to deliver, drug paraphernalia, and illegal firearm charges, and the Board lodged a detainer against him.  (C.R. at 20; C.R. at 60.)  On July 8, 2016, Mitzel was charged with two additional counts of possession with intent to deliver a controlled substance based on heroin and cocaine found in his possession at the time of his June 23, 2016 arrest. (C.R. at 38; C.R. at 60; C.R. at 61-62.)  Mitzel was held both on the Board's warrant and on the two sets of new charges because he did not post bail.  (C.R. at 41; C.R. at 61-62; C.R. at 66-67.)  On October 27, 2016, Mitzel pleaded guilty to two counts of possession with intent to deliver a controlled substance and one count of illegal possession of a firearm, and was sentenced to concurrent terms of 4 to 10 years' incarceration for each of these offenses, with credit for 127 days that he had been detained following his June 23, 2016 arrest. (C.R. at 63; C.R. at 68-69.)

Mitzel waived a parole revocation hearing and admitted that he was convicted of these offenses while on parole.  (C.R. at 53.)  Based on that admission, the Board ordered Mitzel recommitted to a state correctional institution as a

2

convicted parole violator to serve 24 months' backtime.[1] (C.R. at 45-52; C.R. at 72.) The Board denied Mitzel credit for time at liberty on parole, noting in its revocation hearing report: "Recommend not awarding credit for street time spent at liberty on parole. New conviction identical to his instant offenses which includes possession of a firearm." (C.R. at 47, 52.) Concluding that Mitzel therefore had 5,816 days remaining on his sentence for his prior convictions, the Board extended his maximum date to September 29, 2032. (C.R. at 74-75.) The Board, by decision mailed February 7, 2017 notified Mitzel of this revocation and that his maximum sentence date was September 29, 2032. (C.R. at 72-73.) Mitzel timely challenged the Board's decision by submission of an Administrative Remedies Form in which he asserted that he was entitled to credit for all of the time he had been on parole other than the April 5 to June 23, 2016 period that he was delinquent and that the Board's calculation of the time that he was on parole was incorrect because he was "locked back up on 6-23-16." (C.R. at 80.) By determination mailed December 29, 2017, the Board concluded that Mitzel's maximum sentence date was properly calculated and affirmed its decision. (C.R. at 82-83.) This appeal followed.

In this Court, Mitzel argues that the Board erred in its recalculation of his maximum sentence date because it allegedly did not give a contemporaneous reason for its denial of credit for time spent at liberty on parole and because it failed to give him credit for the period of time that he was in the Harrisburg Community Corrections Center and the period of time that he was incarcerated between his June

---

[1] "'Backtime' is the portion of a judicially imposed sentence that a parole violator must serve as a consequence of violating parole before he is eligible for re-parole." *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 162 n.1 (Pa. Cmwlth. 2016).

23, 2016 arrest and October 27, 2016 sentencing on the new convictions. We conclude that none of these arguments has merit.[2]

Mitzel's first argument fails on the facts. Under the Prisons and Parole Code, a recommitted convicted parole violator must generally serve the remainder of his sentence that he had not yet served at the time of his parole without credit for the time he has been at liberty on parole. 61 Pa. C.S. § 6138(a)(1), (2). In cases such as this, where the crime committed while on parole is a non-violent, non-sexual offense and no parole to federal authorities for deportation is involved, the Board in its discretion may award credit against the original sentence for time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017). The Board has broad discretion to grant or deny such credit, but must consider whether to award credit and provide a statement articulating its reason for denying credit for time spent at liberty on parole. *Pittman*, 159 A.3d at 474-75.

Contrary to Mitzel's assertions, the Board did contemporaneously set forth its reason for denying him credit for time spent at liberty on parole. In its revocation hearing report denying Mitzel credit for time spent at liberty on parole, the Board stated that credit should be denied because his new convictions were a recurrence of the same offenses that he had committed before and included illegal possession of a firearm. (C.R. at 52.) That is a sufficient articulation of the Board's reason for denying credit. *Pittman*, 159 A.3d at 475 n.12 ("the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances"); *Hughes v. Pennsylvania Board of Probation and*

---

[2] This Court may reverse the Board's determination only where necessary findings are not supported by substantial evidence, an error of law was committed, or constitutional rights or administrative procedures were violated. *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 764 (Pa. 2017).

*Parole*, 179 A.3d 117, 121 n.5 (Pa. Cmwlth. 2018) (notation "[r]evoke street time-continued drug activity" on hearing report is sufficient articulation of reason for denying credit).

Mitzel's second argument is barred by waiver. A parolee can be entitled to credit for periods of his parole spent in a residential facility if he shows specific characteristics of the residential facility that make it equivalent to incarceration. *Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680, 683-84 (Pa. 1985); *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 697-701 (Pa. Cmwlth. 2009) (*en banc*). Issues not raised by the inmate in a timely administrative appeal to the Board, however, are waived and cannot be grounds for reversing the Board's determination. *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1125 n.7 (Pa. Cmwlth. 2005); *White v. Pennsylvania Board of Probation and Parole*, 833 A.2d 819, 821 (Pa. Cmwlth. 2003); *McCaskill v. Pennsylvania Board of Probation and Parole,* 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). Mitzel did not raise any claim in his administrative remedies form that the Harrisburg Community Corrections Center was equivalent to incarceration or that he was entitled to credit because he was at that facility. Mitzel's administrative remedies form made no reference at all to the Harrisburg Community Corrections Center, the dates that he was there, November 21, 2013 to May 2, 2014, or to any stay at a halfway house. (C.R. at 80.) To the contrary, it asserted that the period that he was out on parole was the entire period from November 21, 2013 to June 23, 2016. (*Id.*)

Finally, the Board did not err in denying Mitzel credit for the period from June 23, 2016 until he was sentenced on his new conviction on October 27, 2016. Although he was in custody on the Board's warrant in that period, he was also

5

held during that period on the new criminal charges because he did not post bail. (C.R. at 61-62; C.R. at 66-67.) A convicted parole violator is entitled to credit against his original sentence for periods during his parole that he has been in custody solely on the Board's warrant. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980); *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007). He is not, however, entitled to credit against his original sentence for periods during which he was held both on the Board's warrant and on new criminal charges for which he has not satisfied bail requirements; instead, that period of detention is credited against the sentence on the new charges and does not constitute service of the original sentence. *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 764-71 (Pa. 2017); *Gaito*, 412 A.2d at 571; *Armbruster*, 919 A.2d at 352. A convicted parole violator receives credit against his original sentence for periods that he was held on both a Board warrant and other criminal charges only where he cannot receive credit against a sentence on the new charges because he was not convicted or received a sentence of imprisonment shorter than the time that he was in custody. *Smith*, 171 A.3d at 764-71; *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 308-09 (Pa. 2003); *Armbruster*, 919 A.2d at 354-56. Because Mitzel was convicted on the new charges and his sentence for those offenses, 4 to 10 years' imprisonment, exceeds the less than 5-month period when he was held on both the Board's warrant and the new charges, the June 23 to October 27, 2016 period is credited to his new sentence, not his original sentence.

Mitzel does not dispute that he failed to post bail on the new charges, but argues that he is nonetheless entitled to credit against his original sentence for the June 23 to October 27, 2016 period because the sentence for his new convictions

6

runs concurrently with his original sentence. This latter claim is both factually and legally without merit. The record shows that the three 4-to-10-year sentences imposed for the new convictions were to run concurrently with respect to each other, not that the sentencing court directed that they were to run concurrently with Mitzel's original sentence or any other sentence of any court. (C.R. at 63; C.R. at 68-69.) Indeed, Mitzel concedes that the sentencing court did <u>not</u> direct that the 4-to-10-year sentences run concurrently with his original sentence. (Petitioner's Br. at 15.) Moreover, the Prisons and Parole Code requires that when a parolee is recommitted as a convicted parole violator, the original sentence and any new sentences imposed by a Pennsylvania court must be served consecutively rather than concurrently. 61 Pa. C.S. § 6138(a)(5); *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1138-42 (Pa. Cmwlth. 2016) (*en banc*).

   For the foregoing reasons, we affirm the Board's December 29, 2017 determination.

                _____

                **JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Millard Mitzel, III,                            :
                                               :
                    Petitioner                 :
                                               :
            v.                                 :   No. 101 C.D. 2018
                                               :
Pennsylvania Board of                          :
Probation and Parole,                          :
                                               :
                    Respondent                 :

# **O R D E R**

AND NOW, this 2nd day of October, 2018, the December 29, 2017 determination of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**