# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Cuthbert,                            :
                    Petitioner               :
                                             :
        v.                                   :    No. 1116 C.D. 2018
                                             :    SUBMITTED:  March 29, 2019
Pennsylvania Board of Probation and          :
Parole,                                      :
                    Respondent               :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                                          FILED:  July 12, 2019


Timothy Cuthbert (Cuthbert) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) affirming two prior recommitment orders. In response to the Petition for Review, Cuthbert's appointed counsel, David Crowley, Esquire (Counsel), submitted an Application to Withdraw as Counsel (Application to Withdraw) and a no-merit letter,[1] concluding that the arguments raised in the Petition for Review are frivolous and without merit. After thorough consideration, we grant Counsel's Application to Withdraw and affirm the Board's July 18, 2018, order.

---

[1] In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

# I. Background

On June 4, 2007, Cuthbert was found guilty in the Court of Common Pleas of Philadelphia County of one count of criminal trespass. He received a sentence of 18 to 36 months.

On January 23, 2008, Cuthbert pleaded guilty in the Court of Common Pleas of Philadelphia County to three counts of burglary in three separate cases. He received three concurrent sentences of 42 to 84 months each, to run consecutively to the sentence previously imposed for criminal trespass.

Cuthbert was subsequently paroled and was released from state prison on November 30, 2015. At that time his maximum date was October 28, 2017. He had 698 days remaining on his combined sentence.

On December 28, 2015, the Board issued a detainer for Cuthbert for violations of the terms of his parole. The Board ordered him to be sent to a parole violator center. Cuthbert completed his time at the parole violator center on February 29, 2016. However, he was not formally discharged until April 25, 2016, as he did not have an approved home plan until that date.

Thereafter, the Board declared Cuthbert delinquent, effective October 19, 2016. The Board issued a detainer on November 8, 2016.

Cuthbert was subsequently arrested on new charges in Limerick Township, Pennsylvania. On December 7, 2016, he was remanded to the Montgomery County Correctional Facility due to his inability to post bail on a litany of charges related to fraud and theft in Montgomery County. He was later also indicted in Berks, Bucks, and Lancaster Counties in a number of cases on similar charges.

On January 26, 2017, the Board ordered Cuthbert to be recommitted as a technical parole violator (TPV). The Board ordered him to serve 6 months of

backtime, but also directed that he would be paroled immediately, pending resolution of the criminal charges against him.

Cuthbert ultimately pleaded guilty in 7 separate cases in the Courts of Common Pleas of Berks and Lancaster Counties to a total of 14 crimes including fraud, theft, and conspiracy.[2]

On August 2, 2017, Cuthbert waived his right to a parole revocation hearing, as well as to counsel. He also admitted the veracity of his guilty pleas in Berks and Lancaster Counties.

On August 21, 2017, Cuthbert pleaded guilty in the Court of Common Pleas of Bucks County to one count each of forgery, fraud, receiving stolen property, and conspiracy. He received an aggregate sentence of 2 to 4 years in state prison, with 230 days of credit for time served prior to sentencing.

On October 26, 2017, the Board modified its January 26, 2017, action by deleting its prior direction that Cuthbert be paroled. In addition, the Board ordered him to serve 12 months of backtime as a convicted parole violator (CPV) when available, pending resolution of the outstanding criminal charges. This backtime was to be served concurrent with the 6 months of TPV backtime previously imposed. The Board recalculated Cuthbert's maximum sentence date as July 10, 2019, subject to change.

On November 13, 2017, Cuthbert mailed an Administrative Remedies Form to the Board challenging this action. He argued the Board's recalculation of his maximum date would require him to serve time in excess of that imposed upon him as a result of his 2007 and 2008 convictions. He alleged the Board had not included

---

[2] In Berks County, Cuthbert received an aggregate sentence of 2 to 5 years in state prison, with 141 days of credit for time served. In Lancaster County, he received an aggregate sentence of 2 to 4 years in state prison.

a time calculation sheet when it imposed backtime against him as a CPV. Thus, he stated he had no way to determine whether the Board had forfeited any of his street time. He maintained the Board was required to award credit for street time except where parole was revoked due to the commission of violent offenses.

On November 16, 2017, Cuthbert pleaded guilty in the Court of Common Pleas of Montgomery County to one count of dealing in the proceeds of unlawful activity. He received a sentence of 18 to 36 months in state prison, concurrent with his other active sentences. He received credit for 345 days of time served. Cuthbert waived his right to a parole revocation hearing regarding his Bucks County and Montgomery County convictions.

On January 11, 2018, Cuthbert sent a letter to the Board inquiring as to the status of his pending sentence calculation challenge. He reiterated the arguments he had previously asserted.

On February 9, 2018, the Board ordered Cuthbert to serve the balance of the aggregate sentence remaining from his 2007 and 2008 convictions as a CPV, a total of 1 year, 7 months, and 28 days. The Board recalculated Cuthbert's maximum date as July 15, 2019. The Board elected not to award him credit for street time, citing as reasons his "poor supervision history" and "absconding." Certified Record (C.R.) at 242-43.

On February 26, 2018, Cuthbert mailed another Administrative Remedies Form to the Board. He argued that the Board had again miscalculated his maximum date and had failed to properly credit him for the aggregate 12 months of CPV/TPV backtime it had previously imposed upon him.

On July 18, 2018, the Board responded to Cuthbert's various administrative submissions in a lengthy order addressing each of his arguments. The Board stated

4

Cuthbert was eligible to serve the imposed backtime stemming from his 2007 and 2008 convictions only after the resolution of the myriad more recent criminal charges against him. The Board explained its calculation of Cuthbert's maximum date. It declared it had both properly exercised its statutory discretion and made clear its reasons for denying street time credit. Consequently, the Board found Cuthbert's claims to be without merit and affirmed its previous sentence calculations.

## II. Issues

In his Petition for Review,[3] Cuthbert asserts that the Board inaccurately calculated his maximum sentence date, thereby requiring him to serve time in excess of that which had been imposed upon him as a result of his 2007 and 2008 convictions. He contends the Board failed to properly credit him for time served, including for periods when he resided at community corrections or parole violation centers. Further, he argues the Board unlawfully declined to give him credit for street time.

In his Application to Withdraw, Counsel states that he has reviewed the Certified Record, along with notes written during his interview of Cuthbert, and that he has concluded Cuthbert's appeal was "without merit." Application to Withdraw at 2.

---

[3] Under Section 704 of the Administrative Agency Law, our review is limited to determining whether the Board violated Cuthbert's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

## A. Application to Withdraw

Before addressing the validity of Cuthbert's substantive arguments, we must assess the adequacy of Counsel's no-merit letter.[4]  A no-merit letter must explain the nature and extent of counsel's review, list each issue the petitioner wished to raise, and discuss why those issues are meritless. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).  If the no-merit letter satisfies these basic requirements, we then review the soundness of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956 (Pa. Cmwlth. 2009).

Counsel's no-merit letter satisfies these technical requirements.  It recites the relevant factual and procedural history and discusses each argument raised by Cuthbert.  Counsel provides a thorough explanation, with citations of authority, regarding his conclusion that none of Cuthbert's arguments afford a basis for relief.  Counsel provided Cuthbert with copies of these documents, informed him of Counsel's intention to seek permission to withdraw, and advised him of his right to retain another attorney or to represent himself in this matter.  Consequently, we will proceed to an independent examination of the Petition for Review, in order to determine whether any of Cuthbert's claims are meritorious.

---

[4] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel generally must file a brief in support of a request to withdraw from representation. *See Com. v. Santiago*, 978 A.2d 349 (Pa. 2009). However, where no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no-merit letter, as opposed to an *Anders* brief. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40 (Pa. Cmwlth. 2010); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009).

Here, Cuthbert simply challenges the Board's calculation of his maximum sentence date, its imposition of backtime, and its credit calculations.  Therefore, Counsel appropriately elected to file a no-merit letter. *See Seilhamer*.

**B. Calculation of Maximum Sentence Date**

Regarding Cuthbert's claim that he should have received additional credit for time served at community corrections or parole violator centers, Counsel states that Cuthbert failed to argue before the Board that his residence at such facilities was akin to incarceration. Thus, Cuthbert waived this issue. We agree.

Residential programs in community corrections and parole centers may, in some instances, impose burdens upon resident parolees which are functionally equivalent to incarceration. However, it is the parolee's burden to present an argument to this effect before the Board. *Cox v. Pa. Bd. of Prob. & Parole*, 493 A.2d 680 (Pa. 1985).

Here, Cuthbert checked "Sentence Credit Challenge" in the "Petition for Administrative Review" section of his November 13, 2017, Administrative Remedies Form, and then stated he had "spent a total of over six months in halfway house [*sic*] and altogether 19 months in the streets. I never receive [*sic*] with the revocation order a time calculation sheet with this order." C.R. at 264. Cuthbert did not pinpoint the specific span of dates to which this "over six months" referred, nor did he identify any location at which he believed his residence entitled him to credit for time served. Further, he did not elaborate on this claim in the narrative statement he attached. Notably, he did not mention this argument in his subsequent January 11, 2018, letter to the Board or his February 26, 2018, Administrative Remedies Form. A single oblique reference to his residence at a halfway house was insufficiently specific and did not properly put the Board on notice regarding the substance of this claim. Consequently, we agree with Counsel that Cuthbert has waived this issue. *See Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 36 (Pa.

Cmwlth. 2006); *White v. Pa. Bd. of Prob. & Parole*, 833 A.2d 819, 821 (Pa. Cmwlth. 2003).

Next, Counsel concludes that Cuthbert was not entitled to credit towards his 2007 and 2008 aggregate sentence for time served in pre-sentence detention due to his more recent arrests, because the length of this detention did not exceed the length of the sentences resulting from those arrests. We agree with Counsel that Cuthbert was entitled to no additional credit towards his 2007 and 2008 sentences as a consequence of his pre-sentence detention.

When a parole violator is held solely on the Board's detainer, credit for that time must be applied to the individual's original sentence, but when that individual is held both on the Board's detainer and pending disposition of new charges, credit for that time must be applied towards any sentence stemming from those newer charges. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980). The only exceptions to this rule are where the individual is acquitted of the new charges or no new sentence is imposed, and where the time spent in pre-sentence custody exceeds the length of the new sentence. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299 (Pa. 2003); *Gaito*. In the former situation, all credit for time held in pre-sentence detention must be applied towards the individual's original sentence, while in the latter situation, only the excess time may be credited towards his original sentence. *Martin*; *Gaito*.

Here, Cuthbert was held solely on the Board's detainer between November 8, 2016, and December 7, 2016, for which the Board credited 29 days of time towards his original sentence. From December 7, 2016 to November 17, 2017, he was held both on the Board's detainer and for failure to make bail on the multitude of new criminal charges against him. He received 345 days of credit towards his new

8

aggregate sentences as a result. Those sentences exceeded the length of credit time. Adding 29 to 345 equals 374, the precise number of days between November 8, 2016, and November 17, 2017. Therefore, Petitioner received all the credit he was due as a consequence of his pre-sentence detention, and that credit was correctly apportioned between his original 2007 and 2008 sentences and his new sentences.

Next, Counsel notes that the Board explicitly declined to give Cuthbert credit for street time and explained its reasons for doing so. Counsel explains it is immaterial that the Board did not mention revoking street time credit in an earlier decision. We agree with Counsel that Petitioner was not entitled to credit for time spent at liberty on parole.

The Board has discretionary power, pursuant to Subsection 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2.1), to grant credit to a CPV for time served at liberty on parole, except in a handful of circumstances that are not relevant to this matter. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017). However, the Board must provide an adequate explanation when it declines to make such an award. *Id.*

Here, the Board gave its reasons for denying Cuthbert credit for street time. In its August 29, 2017, hearing report, the Board recommended that credit not be awarded, citing "[s]ix new convictions and delinquent at time of arrest[.]" C.R. at 20, 25. In its February 2018 decision, the Board stated it was denying credit, in its discretion, for the time spent at liberty on parole, because of "poor supervision history" and "absconding." *Id.* at 242-43. These statements satisfied the Board's

*Pittman* duties. *See Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117 (Pa. Cmwlth. 2018).[5]

Finally, Counsel observes that Cuthbert became available to start serving the imposed backtime on November 16, 2017, the date upon which he was sentenced in the Court of Common Pleas of Montgomery County, resolving the final outstanding criminal case against him. Counsel points out that adding 1 year, 7 months, and 28 days (the amount of backtime imposed by the Board) to this date results in a maximum date of July 15, 2019, which is the same as that calculated by the Board. We agree with Counsel that the Board accurately calculated Cuthbert's maximum sentence date.

When Cuthbert was paroled on November 30, 2015, his maximum sentence date was October 28, 2017. The time remaining on his sentence was 698 days. After his new convictions, the Board ordered him to serve the balance of his remaining 2007 and 2008 aggregate sentence as backtime. The Board gave him 29 days of credit for the period when he was held in custody exclusively as a result of the Board's detainer. The Board awarded 63 days of credit for the time he spent between December 28, 2015, and February 29, 2016, at a parole violator center, for a total of 92 days. Subtracting 92 days from 698 days results in an outstanding sentence length of 606 days.

Cuthbert became available to serve the backtime on November 16, 2017, the date upon which he entered his guilty plea in the Court of Common Pleas of

---

[5] Moreover, even ignoring the notations from the August 29, 2017, hearing report, the Board's failure to articulate in the body of the October 26, 2017, decision its reasoning for declining to award Cuthbert credit for street time would not, in itself, justify granting relief to Cuthbert. We would have deemed the explanation found in the Board's February 9, 2018, decision to have cured this omission. *Smoak v. Talaber*, 193 A.3d 1160 (Pa. Cmwlth. 2018).

Montgomery County.[6] Adding 606 days to November 16, 2017, results in a maximum date of July 15, 2019, which was precisely the Board's conclusion. Therefore, the Board did not err in calculating Cuthbert's maximum date.

### III. Conclusion

Because we find Counsel's no-merit letter is technically sufficient and Petitioner failed to preserve or raise any meritorious issues, we grant Counsel's Application to Withdraw and affirm the Board's July 18, 2018, order.

_____
ELLEN CEISLER, Judge

---

[6] Since Cuthbert's multitude of recent guilty pleas resulted in an aggregate sentence with a maximum of more than 24 months, this new sentence must be served in a state correctional institution. 42 Pa. C.S. § 9762(a). Consequently, he must complete the backtime imposed by the Board on his original sentence before serving the new sentences. *See* 61 Pa. C.S. § 6138(a)(5).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Cuthbert,                               :
                      Petitioner                :
                                                :
        v.                                      :       No. 1116 C.D. 2018
                                                :
Pennsylvania Board of Probation and             :
Parole,                                         :
                      Respondent                :

# **O R D E R**

AND NOW, this 12th day of July, 2019, David Crowley, Esquire's Application to Withdraw as Counsel is GRANTED, and July 18, 2018, order of the Pennsylvania Board of Probation and Parole (Board) is AFFIRMED. The stay previously granted concerning the Board's duty to file a brief is VACATED as moot.

_____
ELLEN CEISLER, Judge